BOOKOUT, Judge,
dissenting:
I would remand to the trial court for complete compliance with the mandate of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). The record shows that the appellant was arrested on an allegation that he violated his probation, and on December 8, 1977, he and his attorney were informed verbally in open court of certain charges against him. Then on February 2, 1978, the appellant and his attorney again appeared in open court and were informed of additional charges placed against him. The hearing on revocation of probation held on February 22, 1978, concerned only one of the allegations specified on February 2 and none of those specified on December 8.
Armstrong, supra, requires written notice to the probationer of the claimed violations of probation. Since the appellant and his attorney were apprised of the alleged probation violations in open court and proceeded to a hearing twenty days later without objecting, I consider the first requirement of Armstrong to have been waived. However, the record contains no written statement by the trial judge as to the evidence relied upon and reasons for revoking probation.
At the end of the evidence, the trial court stated:
“. . . Based on the evidence in this case, the court finds sufficient evidence to reasonably satisfy it that the defendant has violated the terms and conditions of his probation by participating in and taking part in and being suspect or being the person who committed an alleged burglary of . Holiday Motors, Tuscaloosa, Alabama, while on probation. . ” (Emphasis supplied.)
I therefore would remand for the trial court to make a written statement as to the evidence relied on and the reasons for revoking probation, otherwise that requirement by the Alabama Supreme Court in Armstrong, supra, is just empty words with no force or effect.